J-S74007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RASHAWN FARMER SHAW, | |
| Appellant | No. 2656 EDA 2013 |

Appeal from the PCRA Order Entered August 16, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0606951-2002
CP-51-CR-0714361-2002

BEFORE:  BENDER, P.J.E., DONOHUE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 03, 2014**

Appellant, Rashawn Farmer Shaw, appeals *pro se* from the trial court's August 16, 2013 order denying as untimely his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Appellant was convicted on February 27, 2004, of various offenses "stemming from his participation with others in two armed robberies of the operators and patrons of businesses on March 30, 2002." PCRA Court Opinion (PCO), 3/26/14, at 1.  That same day, Appellant was sentenced to an aggregate term of 20 to 40 years' incarceration.  He did not file a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On December 1, 2008, Appellant filed a *pro se* PCRA petition and counsel was appointed. Various delays in the disposition of Appellant's petition ensued, which are irrelevant to the instant appeal. On May 14, 2013, Appellant's counsel filed a petition to withdraw and "no-merit" letter in accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1998), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On May 17, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Appellant filed a timely *pro se* response, but on August 16, 2013, the court issued an order dismissing Appellant's petition and granting counsel's petition to withdraw.

Appellant filed a timely *pro se* notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In his *pro se*, handwritten brief to this Court, Appellant does not set forth a statement of the questions involved as required by Pa.R.A.P. 2116. He also does not divide his argument section "into as many parts as there are questions to be argued[,]" or set forth "at the head of each part – in distinctive type or in type distinctively displayed – the particular point treated therein…." Pa.R.A.P. 2119(a). These briefing errors make it difficult to ascertain precisely what issues Appellant is asserting on appeal.

Nevertheless, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **Commonwealth v. Bennett**, 930 A.2d 1264, 1267

- 2 -

(Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding the Superior Court lacks jurisdiction to reach merits of an appeal from an untimely PCRA petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 28, 2004, at the expiration of the thirty-day time-period for filing an appeal with this Court.  **See** 42 Pa.C.S. § 9545(b)(3) (stating a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (stating a notice of appeal with this Court "shall be filed within 30 days after the entry of the order from which the appeal is taken").  Accordingly, Appellant had until March 28, 2005, to file a timely petition.  Because his December 1, 2008 petition is patently untimely, he must plead and prove the applicability of one of the above-stated exceptions.

Appellant has failed to meet this burden.  In his *pro se* petition, Appellant alleged that his trial counsel was ineffective, and that his sentence was illegal because the court imposed an "enhanced" term of incarceration as punishment for Appellant's refusal to plead guilty.  PCRA Petition, 12/1/08, at 3.  Neither of these claims satisfies an exception to the PCRA's one-year time-bar.  **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that ineffectiveness of counsel claims generally do not constitute an exception to the PCRA time requirements); **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A]lthough legality of sentence is always subject to review within the

PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted). Thus, the PCRA court did not err in denying his petition as untimely. **See Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (stating that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error).

We note, however, that Appellant presents two novel arguments on appeal to this Court. First, he asserts that his due process rights were violated because his judgment of sentence was not reviewed on direct appeal. This claim is waived because it was not presented in Appellant's PCRA petition. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, even if this argument had been preserved below, Appellant fails to explain what timeliness exception his due process argument satisfies. Accordingly, we would conclude that it does not entitle Appellant to a merits review of his petition.

Appellant presents a second novel argument in his reply brief to this Court, which we interpret as an attempt to invoke the timeliness exception set forth in section 9545(b)(1)(iii). Specifically, Appellant asserts that his sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013) (holding that any fact that increases a mandatory minimum sentence is an 'element' of the crime, not a sentencing factor, which must be found by the

jury beyond a reasonable doubt).[1]   He further claims that this Court recently held that **Alleyne** applies retroactively in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*).

Appellant is incorrect.    While in **Newman**, we did conclude that **Alleyne** applied retroactively to the defendant's case because it "was *still pending on direct appeal* when **Alleyne** was handed down," we did not address whether **Alleyne** applies retroactively to cases, such as Appellant's, which are pending on collateral review.   **Newman**, 99 A.3d at 90 (emphasis added).    Moreover, in **Commonwealth v. Miller**, 2014 WL 4783558 (Pa. Super. 2014) – a case decided after **Newman** - this Court rejected the argument that section 9545(b)(1)(iii)'s exception can be satisfied by relying on **Alleyne**.   We reasoned:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. **Commonwealth v. Phillips,** 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012),

---

[1] This claim is not waived, despite Appellant's failure to raise it before the PCRA court, as it implicates the legality of Appellant's sentence.   **See Commonwealth v. Jones**, 932 A.2d 179, 183 (Pa. Super. 2007) ("[L]egality-of-sentence claims are non-waivable and thus [are] **not** required to have been preserved at any prior stage of litigation in order to obtain review thereof.") (emphasis in original).

> *citing* **Tyler v. Cain**, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also, e.g.,* **Commonwealth v. Taylor**, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition[ ]"), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

**Miller**, 2014 WL 4783558, at *5.

Based on **Miller**, we conclude that Appellant has not satisfied the exception set forth in section 9545(b)(1)(iii). Accordingly, the PCRA court did not err in denying his untimely petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014